iw/hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-40042-01-JAR |
| | ) | |
| TAMMY T. FRANKLIN | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER
## DENYING DEFENDANT'S MOTION TO SEVER

This matter comes before the Court on defendant Tammy Franklin's Motion to Sever Co-Defendant Moore (Doc. 54) from the jury trial set for July 12, 2010. The government has not filed a response to defendant's motion and defendant has not requested a hearing on this matter. Although the government did not oppose defendant's motion, the Court has reviewed defendant's arguments and, for the reasons explained below, the Court denies the motion to sever.

**I.      Standards**

Joinder of defendants is appropriate when two or more defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."[1] Under Tenth Circuit precedent, the test for proper joinder is whether there is "a common thread to each of the defendants," which may be "established by common evidence as to various counts."[2] Federal Rule of Criminal Procedure 14(a) provides

---

[1] Fed. R. Crim. P. 8(b).

[2] *United States v. Rogers*, 921 F.2d 975, 984 (10th Cir. 1990).

relief from prejudicial joinder. Severance is permitted under Rule 14 as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires.

In *Zafiro v. United States*,[3] the Supreme court explained the import of Rule 14 severance:

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were trial alone is admitted against a codefendant.[4]

The Confrontation Clause of the Sixth Amendment provides, " In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."[5] In *Bruton v. United States*,[6] the Supreme Court held that despite limiting instructions, the introduction of a co-defendant's out-of-court confession directly implicating the defendant as his accomplice violated the defendant's Sixth Amendment right to cross-examine witnesses.[7] The co-defendant's confession stated that both the co-defendant and the defendant together

---

[3]506 U.S. 534 (1993).

[4]*Id.* at 539.

[5]U.S. Const. Amend. VI.

[6]391 U.S. 123 (1968).

[7]*See Richardson v. Marsh*, 481 U.S. 200, 201–02 (1987) (recounting that in *Bruton*, the Supreme Court held "that a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant.").

2

committed a robbery.[8] The Court said:

> There are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is present here, where the powerfully incriminating extrajudicial statements of a co-defendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial.[9]

In *Richardson v. Marsh*,[10] the Court limited the scope of *Bruton*, holding that a redacted confession that omitted all references to another co-defendant, along with the administration of appropriate limiting instructions, was admissible and did not violate the Confrontation Clause.[11] The confession in *Richardson* was not incriminating on its face and only became incriminating when linked with other evidence.[12] Subsequently, the Court in *Gray v. Maryland*[13] clarified that "*Richardson* must depend in significant part upon the *kind* of, not the simple *fact* of, inference."[14]

In *United States v. Verduzco-Martinez*,[15] the Tenth Circuit held that *Bruton* is not violated when a defendant's name is replaced with a neutral pronoun or phrase, provided that the

---

[8] *Bruton*, 391 U.S. at 124.

[9] *Id.* at 135.

[10] 481 U.S. 200 (1987).

[11] *Id.* at 211.

[12] *Id.* at 208.

[13] 523 U.S. 185 (1998).

[14] *Id.* at 196 (emphasis in original).

[15] 186 F.3d 1208 (10th Cir. 1999).

incrimination of a defendant is only by reference to evidence other than a redacted statement and a limiting instruction is given to the jury.[16] Additionally, in *United States v. Green*,[17] the Tenth Circuit held that "if the confession . . . does not incriminate the defendant, then it may be admitted with a proper limiting instruction even though other evidence in the case indicates that the neutral pronoun is in fact a reference to the defendant."[18] "Only where the inculpatory inference can be made immediately in the mind of a reasonable juror is the statement protected by *Bruton* and any curative instruction insufficient."[19]

## II. Discussion

Defendants Franklin and Moore were traveling together in a rented car when, during a lawful traffic stop, drugs were found in the trunk of the vehicle. Defendant Franklin has moved for severance of her trial from co-defendant Moore. Allegedly, Moore made statements denying any knowledge or involvement with the drugs in the trunk. Franklin believes that allowing the government to introduce these statements by Moore, without calling him to testify, will violate the Confrontation Clause of the Sixth Amendment. Defendant Franklin argues that testimonial, out-of-court statements made by Moore incriminate her and the prejudice posed by the potential violation of her Sixth Amendment rights justifies severance of her jury trial under *Bruton*.

---

[16]*Id.* at 1214; *see United States v. Markopoulos,* 848 F.2d 1036, 1038 (10th Circuit 1988) (citing *Richardson v. Marsh*, 481 U.S. 200 (1987) (stating "statements by a codefendant are admissible when the court excludes all references to the defendant and instructs the jury that the statement is not admissible against the defendant.")).

[17]115 F.3d 1479 (10th Cir. 1997).

[18]*Id*. at 1484.

[19]*United States v. Rahseparian*, 231 F.3d 1267, 1278 (10th Cir. 2000).

Defendant does not dispute the appropriateness of joinder under Fed. R. Crim. P. 8(b),[20] but argues that severance is proper under Rule 14(a) because there is a serious risk that her trial rights will be compromised.

In her motion, Franklin discusses various statements by Moore, none of which are confessions. Rather, his statements deny any part of the illegal conduct for with which he was indicted. Franklin argues that Moore's statements, recorded in government reports, wherein he denies any knowledge of the drugs found in the car where he and Franklin were occupants, implicates her. Moore allegedly stated that he traveled with Franklin to Denver, Colorado at *her* request, "just to roll" with the trip. He stated that he did not know anyone in Denver and never saw the box containing the stereo located in the trunk where drugs were concealed. Since Franklin was the only other occupant in the vehicle, she argues that Moore's statements implicate her "as the culprit or the source of the drugs."[21] Finally, Franklin argues that, because Moore made statements about the trip that contradict Franklin's story, his statements further incriminate her. Moore allegedly stated that Franklin went to Denver to visit a sick relative, while Franklin allegedly stated that she went to Denver to pick up a friend and Moore was already in Denver.

Here, the Court finds Moore's statements are not incriminating on their face. Rather, Moore's statements specifically regard *his* alleged lack of knowledge of the drugs in the car. The statements do not incriminate Franklin on their face. Although Moore apparently discussed

---

[20]Rule 8(b) provides for joinder of defendants in the following circumstances: "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendant may be charged in one or more counts together or separately. All defendants need not be charged in each count."

[21](Doc. 54 at 1.)

Franklin in his statements, he did not make accusations or implicate Franklin as a co-conspirator or joint venturer in the manner that *Bruton* was designed to protect against. "[T]he *Bruton* rule does not apply to 'statements that are not directly inculpatory but only inferentially incriminating.'"[22]

The statements made by Moore are not incriminating by themselves. His statements must be linked to other evidence for a jury to find that Franklin was responsible for the drugs in the car. Moore's statement that he did not know about the drugs does not lead to an immediate inference that Franklin must have known about them because Moore did not. Moore's statements are not "powerfully incriminating" against Franklin. Moore's statements standing on their own are not enough for a jury to find Franklin guilty beyond a reasonable doubt. Rather, Moore's statement would have to be "linked" together with some other evidence before it could become incriminating against Franklin. Both the United States Supreme Court and the Tenth Circuit have held that this kind of statement does not violate the Confrontation Clause.

Thus, Franklin has not shown that the potential prejudice posed by admission of co-defendant's statements in this case would be so great as to warrant severance of the jury trial. In fact, the Supreme Court has noted that, when a statement is not incriminating on its face, joint trial is favored:

> Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability—advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the

---

[22]*United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007) (quoting *United States v. Rahseparian*, 231 F.3d 1267, 1277 (10th Cir. 2000)).

scandal and inequity of inconsistent verdicts.[23]

Here, Moore's statements—as they are described by Franklin—were neither a confession that incriminated Franklin nor an accusation against Franklin. Thus, the Court finds his statements do not come within the reach of the *Bruton* rule.

Defendant Franklin appears to be arguing that prejudice will result because her co-defendant's trial defense is inconsistent with her own. A similar argument was raised by defendants in *Zafiro*. In moving for severance, defendants noted that

> when two defendants both claim they are innocent and each accuses the other of the crime, a jury will conclude (1) that both defendants are lying and convict them both on that basis, or (2) that at least one of the two must be guilty without regard to whether the Government has proved its case beyond a reasonable doubt.[24]

The trial court denied severance, and the Supreme Court affirmed, noting that "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials,"[25] and held that "[m]utually antagonistic defenses are not prejudicial *per se*."[26] The Court noted that Rule 8(b) and Rule 14 are designed "'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'"[27] Here, Franklin has not shown that Moore's trial defense directly negates her own defense.

Therefore, the Court finds that defendant Franklin has not shown that the *Bruton* rule

---

[23]*Richardson v. Marsh*, 481 U.S. 200, 210 (1987).

[24]*Zafiro v. United States*, 506 U.S. 534, 540 (1993).

[25]*Id.*

[26]*Id.* at 538.

[27]*Id.* at 540 (quoting *Bruton*, 391 U.S. at 131 n.6) (alterations in original).

applies to statements made by her co-defendant, or that her right to confrontation will be prejudiced by a joint trial, or that her co-defendant's defense is antagonistic to her own defense such that severance of the trial is warranted in this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Franklin's Motion to Sever Co-Defendant Moore (Doc. 54) is denied.

**IT IS SO ORDERED.**

Dated: June 11, 2010

              S/ Julie A. Robinson
              JULIE A. ROBINSON
              UNITED STATES DISTRICT JUDGE